IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| JADE WILLIAM SMOKER, | ) | Cause No. CV 10-65-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN STEVE RAY; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On October 15, 2010, Petitioner Jade William Smoker moved to proceed in

forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner is a state prisoner proceeding pro se.

On November 2, 2010, Petitioner was given an opportunity to show cause why

his petition should not be dismissed with prejudice as procedurally barred and as

time-barred.  He responded on November 29, 2010.[1]

---

[1]  Petitioner states he has a pending motion for the appointment of counsel. Resp. to Order (doc. 8) at 2.  The motion was denied on November 16, 2010, in a text order, a copy of which was sent to him.

## I. Background

In 2008, a jury convicted Petitioner of criminal distribution of dangerous drugs.

He was sentenced as a persistent felony offender. He did not appeal. Pet. (doc. 1) at

2-3 ¶¶ 1-8. He states that he attempted to file a petition for postconviction relief in

the trial court, but he concedes there is no record of his having done so. Id. at 3

¶¶ 12-13; Order at 2, Smoker v. Mahoney, No. OP 09-0377 (Mont. July 15, 2009).

In 2009 and again in 2010, Petitioner filed petitions for writ of habeas corpus

in the Montana Supreme Court. Both were denied on the grounds that habeas relief

is not an appropriate means to challenge a conviction under Montana law. Order at

2, Smoker, No. OP 09-377; Order at 3, Smoker v. Mahoney, No. OP 10-0049 (Mont.

Apr. 27, 2010).

Under the prison mailbox rule, Petitioner filed his federal habeas petition on

October 4, 2010. Pet. at 8, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71

(1988).

## II. Analysis

All of Petitioner's claims challenge the legitimacy of his conviction and the

effectiveness of his attorneys at trial and on direct appeal. Pet. at 4-7. Generally, a

state prisoner's petition for writ of habeas corpus must be filed within one year of the

date his conviction becomes final. 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188

F.3d 1157, 1159 (9th Cir. 1999).  Petitioner states that judgment was entered on July 7, 2008.  Pet. at 2 ¶ 2.  His conviction became final sixty days after judgment was entered against him, Mont. R. App. P. 4(5)(b)(i), that is, on September 5, 2008.  His federal petition should have been filed on or before September 5, 2009.  He filed on October 4, 2010.

Time for filing a federal petition is tolled while a "properly filed application for State post-conviction or other collateral review . . . is pending" in state court.  28 U.S.C. § 2244(d)(2).  A state petition is filed properly "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).  "[J]urisdictional matters" are "'conditions to filing.'"  Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005); see also id. at 417. Therefore, a state petition that is dismissed for lack of jurisdiction was not "properly filed" in the first place and does not toll the federal limitations period under § 2244(d)(2).  Carey v. Saffold, 536 U.S. 214, 224 (2002); Ramirez v. Yates, 571 F.3d 993, 999 (9th Cir. 2009).

Both of Petitioner's state habeas petitions were dismissed because "[h]abeas corpus is not available to attack the validity of a sentence of a person adjudged guilty in a court of record who has exhausted the remedy of appeal."  Order at 3, Smoker, No. OP 10-0049; see also Order at 1-2, Smoker, No. OP 09-0377 (citing Mont. Code

Ann. § 46-22-101); Mont. Code Ann. § 46-22-101(2); State v. Lott, 150 P.3d 337, 342 ¶ 22 (Mont. 2006).   Consequently, neither of them tolled time under § 2244(d)(2).  Petitioner's federal petition was filed thirteen months too late.

Petitioner asserts he is entitled to equitable tolling of the federal limitations period because the trial court exhibited "gross negligence" in failing to file his postconviction petition.  Resp. to Order (doc. 8) at 2.  Other than his own assertion, Petitioner has no evidence that the trial court actually received a postconviction petition.  There is no basis for equitable tolling.

Petitioner also asserts that no reasonable juror would now find him guilty of the offense, because an electronically monitored conversation between him and an informant should not have been introduced into evidence under Montana law.  Resp. to Order at 2, 4-5.  Actual innocence does not excuse untimely filing.  Lee v. Lampert, 610 F.3d 1125, 1129 (9th Cir. 2010).   Were further consideration necessary, Petitioner still would not prevail, because the informant testified at trial.  E.g., Pet. for Writ of Habeas Corpus at 3, Smoker v. Mahoney, No. OP 09-0377 (Mont. filed June 22, 2009) (alleging counsel's ineffectiveness in failing to challenge confidential informant's "motivation and quality of test[i]mony"); Resp. to Habeas Petition at 4, Smoker v. Ray, No. OP 10-0049 (Mont. filed Apr. 8, 2010).  Petitioner does not show that no reasonable juror would find him guilty based on the informant's testimony and

all other admissible evidence.

Petitioner fails to show that he is entitled to equitable tolling.  His petition should be dismissed with prejudice as untimely.  It is not necessary to consider the issue of procedural bar.

### III. Certificate of Appealability

Petitioner does not claim that his petition was timely, nor does he allege any facts that would warrant equitable tolling.  The time bar is neither ambiguous nor novel.  There is no reason to encourage further proceedings.  A certificate of appealability is not warranted and should be denied.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1.  The Petition (doc. 1) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his case without notice to him.

DATED this 8th day of December, 2010.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6